(No. 89386.—

*In re* ESTATE OF BUDRIS ANDERNOVICS (Peggy L. Parrish, Appellant, v. Rolf Hackman, Ex'r of the Estate of Budris Andernovics, Deceased, Appellee).

*Opinion filed September 20, 2001.—Rehearing denied December 3, 2001.*

C. Don Weston, of Macomb, for appellant.

Brian P. Holland, of Holland & Holland, of Bushnell, for appellee.

JUSTICE KILBRIDE delivered the opinion of the court:

The primary question presented in this appeal .is whether section 18—7(a) of the Probate Act of 1975 (Act) (755 ILCS 5/18—7(a) (West 1998)) or section 2—610 of the Code of Civil Procedure (Code) (735 ILCS 5/2—610 (West 1998)) applies when an estate files a nonspecific response to a probate complainant's claim, demanding strict proof of that claim. In February 1989, plaintiff, Peggy L. Parrish, filed a 10-count complaint against the estate of Budris Andernovics, alleging that Andernovics breached an oral contract to make a will. Subsequently, plaintiff argued that she was entitled to judgment on the pleadings because the estate's failure to deny explicitly her claim constituted an admission under section 2—610 of the Code of Civil Procedure. The estate argued that section 18—7(a) of the Probate Act allowed it to demand strict proof rather than directly admit or deny plaintiff's claim.

The trial court rejected plaintiff's argument, denied her claim on the merits, and ordered her to pay attorney fees as a sanction for failure to comply with a discovery order. The appellate court affirmed. 311 Ill. App. 3d 741. Plaintiff now appeals. We affirm and hold that a trial court has discretion under section 18—7(a) of the Probate Act to demand plaintiff prove her claim when an

estate files a response neither admitting nor denying the claim, but demanding strict proof of it.

## I. BACKGROUND

Plaintiff's complaint sought monetary damages and specific performance of an oral contract to make a will. Plaintiff alleged that she and Andernovics reached an agreement, allowing plaintiff to deed certain parcels of encumbered real estate to him. Plaintiff further alleged that Andernovics agreed to pay the mortgages on the parcels and deed the property back to plaintiff in his will, along with fee title to another parcel of property and a life estate in a third parcel.

Plaintiff filed her complaint in probate. Rather than admitting or denying plaintiff's claim, the estate's executor filed a nonspecific response that stated, in pertinent part, as follows:

> "NOW COMES ROLF HACKMAN, duly appointed Executor of the Estate of BUDRIS ANDERNOVICS, deceased, by Holland and Holland, his attorneys, to defend against the claim of PEGGY L. PARRISH against said Estate, and hereby demands strict proof of said claim."

Plaintiff moved for judgment on the pleadings, arguing that the estate's answer constituted an admission pursuant to section 2—610 of the Code. Following a hearing, the trial court denied plaintiff's motion. The estate then filed several interrogatories and a request to produce, and plaintiff effectively failed to respond to discovery.

Plaintiff sought interlocutory review in the appellate court under Supreme Court Rule 308 (155 Ill. 2d R. 308), arguing that she should have been granted judgment on the pleadings. The appellate court denied plaintiff's request for appeal. Meanwhile, the trial court entered an order compelling plaintiff's discovery responses. Nevertheless, plaintiff persisted in disregarding the interrogatories and requests to produce. Several months later, the

estate filed a motion for sanctions. Plaintiff then renewed her motion for judgment on the pleadings.

As a sanction for plaintiff's failure to comply with the discovery order, the trial court dismissed plaintiff's complaint with prejudice. On review, the appellate court reversed and remanded, instructing the trial court to issue a more lenient sanction. *In re Estate of Andernovics*, No. 3—93—0510 (1993) (unpublished order under Supreme Court Rule 23).

On remand, the trial court granted the estate attorney fees totaling $4,035. The trial court further directed that plaintiff and her attorney were jointly and severally liable for payment of the sanction. The trial court also conducted a hearing on the merits of plaintiff's claim. At the hearing, plaintiff submitted evidence only as to the value of the real estate and other items subject to the alleged oral contract to make a will. Further, plaintiff held steadfast to her position that the estate's answer constituted an admission. The trial court rejected plaintiff's claim, finding in part as follows:

"There is authority that in a suit for specific performance of a contract to make a will the evidence and the existence of the contract and its terms must be clear and explicit and so convincing that it will leave no doubt in the mind of the Court. *Greenwood v. Commercial National Bank of Peoria*, 130 N.E.2d 753, 7 Ill. 2d 436 (1955).

The Claimant elected to file a claim in this estate matter rather than a separate lawsuit. When the claimant files a claim in an estate [proceeding,] the Probate Act [citation] applies. It has been suggested that the representatives of an estate must be allowed a great deal of latitude in filing answers to claims. The Probate Act specifically sets forth that a claim which is presented by the claimant or his attorney or to which no pleading has been filed within the time provided by the Act may be taken as proved or the Court may require the claimant to prove his claim. Here the Executor in his Answer demanded that the claim be proven. When the claimant filed the claim under the

Probate Act the claimant must comply with that Act. Therefore, if a claim is filed in probate, the Probate Act applies. The Probate Act and the Code of Civil Procedure recommend that sections be liberally construed to the end that controversies and rights of the parties may be speedily and fairly determined.

Arguably, the Answer filed by the Estate is an admission under [section 2—610(b) of the] Code ***. However, this Court finds that the admission is as to facts well pleaded and not as [to] conclusions of law. This Court further *** exercise[s] its discretion *** to require that the Claimant prove her claim notwithstanding any admission made by the Estate. 755 ILCS 5/18—7(a). ***

The claim in this case is anything but routine. As a result the Claimant should have submitted her cause and proved her claim. She has not done so. The Plaintiff's *** Claim is denied."

The appellate court affirmed under reasoning similar to that of the trial court. We granted leave to appeal to consider primarily whether section 18—7(a) of the Act preempts section 2—610 of the Code.

## II. ANALYSIS

### A. Section 18—7(a) of the Act Versus Section 2—610 of the Code

Plaintiff contends that the estate's answer constituted an admission and therefore she was entitled to judgment on the pleadings. In support of this claim, plaintiff relies upon section 1—6 of the Act. Section 1—6 provides that the Code shall apply to all probate proceedings except as otherwise provided in the Act. 755 ILCS 5/1—6 (West 1998). Plaintiff further points to section 2—610 of the Code, requiring that pleadings be specific. Section 2—610 provides in pertinent part:

"(a) Every answer and subsequent pleading shall contain an explicit admission or denial of each allegation of the pleading to which it relates.

(b) Every allegation *** not explicitly denied is admitted, unless the party states in his or her pleading that he

or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny." 735 ILCS 5/2—610 (West 1998).

Plaintiff invokes section 2—610 and *In re Estate of Jensik*, 34 Ill. App. 2d 130, 133 (1962) (allegations in an estate claim not answered are deemed admitted), arguing that, because the estate failed to deny explicitly the allegations contained in her complaint, the allegations must be deemed admitted.

Relying upon section 18—7(a) of the Act, the estate disagrees with plaintiff. Section 18—7(a) provides in pertinent part that "[a] claim which is consented to by the representative *** or to which no pleading has been filed *** may be taken as proved or the court may require the claimant to prove his claim." 755 ILCS 5/18—7(a) (West 1998). The estate contends that section 18—7(a) satisfies the "except otherwise provided" language in section 1—6, thereby taking the issue outside the scope of section 2—610.[1]

Citing *In re Estate of Grimsley*, 7 Ill. App. 3d 563, 566 (1972), plaintiff urges us to reject the estate's contention. In *Grimsley*, the Department of Mental Health filed a claim against the decedent's estate for unpaid hospitalization expenses. In an unverified answer, the estate alleged that it had not received any statements of unpaid expenses but did not deny that the charges were owed and did not request proof of the claim. The trial court

[1]We note that section 2—1301(d) of the Code (735 ILCS 5/2—1301(d) (West 1998)) similarly provides that "[j]udgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." While the estate could arguably rely upon section 2—1301(d) of the Code to support its claim, we find that section 18—7(a)'s substantially analogous language preempts section 2—1301(d) under these circumstances. See 755 ILCS 5/1—6 (West 1998).

denied the claim for failure to prove details surrounding the decedent's hospitalization. The appellate court reversed, finding that the Civil Practice Act (now the Code of Civil Procedure) required that the undenied allegations be deemed admitted without the necessity of requiring proof.

The court in *Grimsley* found that the subject provision of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 199, now 755 ILCS 5/18—7 (West 1998)) was "directed to instances where no answer has been filed." *Grimsley*, 7 Ill. App. 3d at 566. Under *Grimsley*, plaintiff argues that section 18—7(a) does not apply because the estate filed an answer.

The issue before us is one of statutory construction. Statutory construction presents a question of law and is reviewed *de novo. Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995). The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994). To determine the legislature's intent, courts first look to the statute's language. *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 368-69 (1998). We accord a statute's language its plain and commonly understood meaning. *In re Petition to Annex Certain Territory*, 144 Ill. 2d 353, 362 (1991).

The plain language of section 18—7(a) allows the trial court wide latitude in allowing claims or requiring proof of claims. If "[a] claim *** is *consented to by the representative*," the trial court may accept the claim as plead or may require proof of the claim. (Emphasis added.) 755 ILCS 5/18—7(a) (West 1998). Likewise, if "no pleading has been filed," the trial court may accept the claim as plead or may require proof of the claim. 755 ILCS 5/18—7(a) (West 1998). Thus, *Grimsley* cannot be read as holding that section 18—7(a) is directed solely to

instances when no answer has been filed. Section 18—7(a) also plainly applies when the estate consents to a claim. Accordingly, assuming the estate's response should be construed as an admission of her claim, this determination does not take the case at hand outside the purview of section 18—7(a). Construing section 18—7(a) in conjunction with section 2—610 of the Code, we believe no reasonable distinction may be drawn between a claim that is "consented to" by an estate and a claim that is "admitted" by an estate. Given this conclusion, the trial court was within its discretionary authority to demand that plaintiff prove her claim.[2]

Nonetheless, in opposition to this determination, plaintiff cites *In re Estate of Brauns*, 330 Ill. App. 322 (1947), maintaining that *Brauns* stands for the broad proposition that the sufficiency of an answer to a probate claim must be determined under the Code. In *Brauns*, the plaintiff filed a claim based upon judgment notes allegedly executed by the decedent. As a consequence, *Brauns* was decided under the specific provision of the Civil Practice Act that addressed allegations concerning the execution of a written instrument. See Ill. Rev. Stat. 1945, ch. 10, par. 159. Accordingly, *Brauns* has no relevance to the instant case because plaintiff does not allege the execution of a written instrument.

In sum, we hold that a trial court may, in accord with section 18—7(a) of the Act and section 2—610 of the Code, require a complainant to prove a claim when an estate files a nonspecific response, neither admitting nor denying the claim but demanding strict proof.

Our decision on this issue is consistent with the long-standing principle that claims against an estate should

[2]While plaintiff's complaint was verified, the allegations of a verified complaint do not constitute evidence, except by way of admission, and, therefore, could be of no assistance to plaintiff in proving her claim. 735 ILCS 5/2—605(a) (West 1998).

be scrutinized with care and should not be allowed except on clear proof. See *In re Estate of Winan,* 77 Ill. App. 2d 462 (1966) (abstract of op.); *Bonamer v. Mahanna,* 339 Ill. App. 277 (1950) (abstract of op.); *Floyd v. Estate of Smith,* 320 Ill. App. 171 (1943); *In re Estate of Teehan,* 287 Ill. App. 58 (1936). The careful scrutiny of claims can only be accomplished through the discretionary authority of the trial court. The allowance of a disputed claim based on a purely technical application of section 2—610 of the Code is at odds with the unequivocal language in section 18—7(a) of the Act and its purpose.

Prior to the adoption of our current probate act, this court held that our county and circuit probate courts possessed legal and equitable powers to justify all claims against the estate "to ascertain the true facts, and charge the executor with the amount justly chargeable against [the estate], and no more." *Millard v. Harris,* 119 Ill. 185, 199 (1887). We view the discretionary authority afforded to the trial court by section 18—7(a) of the Act as an expression of the intrinsic supervisory role assumed by the court in probate matters. Unlike most civil litigation involving a dispute between two parties, a probate proceeding implicates any number of creditors and any number of beneficiaries. A review of the Probate Act of 1975 as a whole reaffirms the trial court's function as an overseer to the payment of claims against the estate and the distribution of the remaining assets to the beneficiaries and creditors. One task of the court in that role, as announced in *Millard,* is to ensure only just claims are charged against the estate. To achieve this end, the trial court must be free to require proof of claims.

Section 18—11 of the Act provides additional support for our interpretation that the trial court possesses discretion in allowing all claims. In pertinent part, section 18—11(a) provides:

"(a) The representative may at any time pay or consent in writing to all or any part of any claim *** *to the extent*

*the claim has not been disallowed by the court* \*\*\*. \*\*\* At the request of any interested person the representative must establish the propriety of his allowance of any claim." (Emphasis added.) 755 ILCS 5/18—11(a) (West 1998).

Thus, even the affirmative allowance of a claim by an estate's representative remains subject to the review of the trial court. Moreover, the propriety of the estate's allowance of a claim may be raised by any interested third party, requiring the estate to bear the burden of establishing "the propriety of [the] allowance of any claim." 755 ILCS 5/18—11(a) (West 1998). Hence, it is ultimately the trial court's province to allow or disallow *any* claim, even those consented to or admitted by the estate.

### B. Sanctions

Plaintiff also argues that the trial court improperly ordered that she pay attorney fees as a sanction for her failure to comply with discovery. We reject plaintiff's contentions on this point.

It is well settled that a trial court may order sanctions against a party refusing to comply with discovery. 134 Ill. 2d R. 219(c). A party disputing a sanction order for failure to comply with discovery must establish that noncompliance was reasonable or justified under the circumstances. *Hartnett v. Stack*, 241 Ill. App. 3d 157, 172 (1993).

The record indicates that the estate filed its initial interrogatories and request to produce in December 1989. Plaintiff filed answers to interrogatories and a response to request to produce, consisting in large part of objections. In June 1990, the estate filed a motion to compel discovery. Plaintiff argued that she need not comply because she was entitled to judgment on the pleadings. In August 1990, the trial court denied plaintiff's motion for judgment on the pleadings.

The trial court entered an order compelling discovery in April 1992, requiring plaintiff to comply within 28

days. Rather than abiding by the court's order, plaintiff sought leave to appeal under Supreme Court Rule 308. The appellate court denied plaintiff's motion. Notwithstanding the denial, plaintiff maintained her refusal to comply with discovery and disregarded the order to compel. In May 1993, the estate filed a motion for sanctions. As a sanction for plaintiff's misconduct, the trial court dismissed plaintiff's complaint with prejudice. Plaintiff appealed.

The appellate court reversed and remanded, instructing the trial court to issue a more lenient sanction. No. 3—93—0510 (unpublished order under Supreme Court Rule 23). The appellate court stated, however, that plaintiff was incorrect in her position and she was obligated to proceed with discovery after the application for leave to appeal under Rule 308 had been denied. Nevertheless, after the remand plaintiff maintained her position that she was entitled to judgment on the pleadings.

Therefore, we agree with the appellate court's observation:

"[Plaintiff] exhibited a stubborn refusal to comply with discovery rules from early on in this case. Despite the fact that her reliance on *Grimsley* might have justified her initial noncompliance with discovery, once [the appellate court] denied her leave to appeal under Rule 308 all subsequent refusals to comply on her part were patently unreasonable." 311 Ill. App. 3d at 746.

Considering plaintiff's disregard for the trial court's authority subsequent to the appellate court's denial of leave to appeal, we conclude that the trial court's award of attorney fees was not improper. *Boatmen's National Bank of Belleville v. Martin*, 155 Ill. 2d 305, 314 (1993) (holding that the decision to impose a particular sanction under Rule 219(c) is within the discretion of the trial court and, thus, only a clear abuse of discretion justifies reversal). While we might have arrived at a different conclusion, we may not substitute our judgment for that

of the trial court. *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 241 (1988).

We also reject plaintiff's argument that she should not be sanctioned due to the estate's failure to comply with Supreme Court Rule 201(k) (166 Ill. 2d R. 201(k)). Rule 201(k) provides:

"Every motion with respect to discovery shall incorporate a statement that counsel responsible for trial of the case after personal consultation and reasonable attempts to resolve differences have been unable to reach an accord ***." 166 Ill. 2d R. 201(k).

Strict compliance with Rule 201(k) is generally required and litigants are not entitled to seek sanctions without first exercising reasonable attempts to resolve discovery differences. Here, technical compliance with the rule was no longer an issue at the point the appellate court denied plaintiff leave to appeal. In other words, as the appellate court stated, plaintiff was obligated to comply with the trial court's order compelling discovery and could no longer refuse discovery based on her theory of the case when the appellate court denied her interlocutory review under Supreme Court Rule 308.

In a related argument, plaintiff contends that the trial court's calculation of fees was improper because the court failed to consider whether the estate's attorneys billed at an hourly rate comparable to other firms in the community. We reject plaintiff's claim on this point as well.

We agree that, pursuant to Rule 1.5 of the Illinois Rules of Professional Conduct, the community's usual and customary charges are a relevant factor to consider in formulating an award for attorney fees. See 134 Ill. 2d R. 1.5(a)(3). Other factors include the skill and standing of the attorney employed; the novelty and difficulty of the questions; the degree of responsibility in the management of the cause; the time and labor required; and the amounts involved and the benefits resulting to the client.

See 134 Ill. 2d R. 1.5(a). No exact formula exists in determining a proper award. While each factor is relevant, no single factor is conclusive or dispositive. See *Mobil Oil Corp. v. Maryland Casualty Co.*, 288 Ill. App. 3d 743, 758-59 (1997) (finding that time records, while important, are not conclusive).

As the appellate court observed, "[t]he trial court undertook a nine-hour, 2½-day hearing on this issue, during which the estate sought over $18,000 in fees. Testimony concerning the hours worked and service rendered by the attorneys was heard." 311 Ill. App. 3d at 746. Our review of the record indicates that the trial court adequately considered the relevant factors in this case, and plaintiff fails to present a persuasive argument that the trial court abused its discretion. See *Boatmen's*, 155 Ill. 2d at 314 (holding that a sanction award will not be disturbed absent a clear abuse of discretion). Thus, we affirm the appellate court's ruling on the amount of attorney fees.

### III. CONCLUSION

We hold that, under section 18—7(a) of the Probate Act, a trial court has discretion to demand a probate complainant prove her claim in cases when an estate files a nonspecific response, neither denying nor admitting the claim, but demanding strict proof. In addition, we hold that the trial court properly imposed sanctions upon plaintiff for failure to comply with discovery.

The judgment of the appellate court is affirmed.

*Affirmed.*