FOURTH DIVISION
October 9, 2008

No. 1-07-2370

| | | |
|---|---|---|
| SPEEDY GONZALEZ LANDSCAPING, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CH 07821 |
| | ) | |
| O.C.A. CONSTRUCTION, INC., NORTH | ) | |
| AMERICAN SPECIALTY INSURANCE COMPANY, | ) | |
| and THE PUBLIC BUILDING COMMISSION OF | ) | |
| CHICAGO, | ) | Honorable |
| | ) | Robert J. Quinn, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Speedy Gonzalez Landscaping, Inc., appeals the order of the circuit court dismissing count I of its complaint against defendants, O.C.A. Construction, Inc. (O.C.A.), North American Specialty Insurance Co., and the Public Building Commission of Chicago (PBC). Count I sought the grant of a lien and an accounting of funds due pursuant to plaintiff's work as a subcontractor regarding the improvement of real property for the New Westinghouse High School. The primary issue on appeal is whether the plaintiff's lien claim on public funds terminated because the plaintiff failed to timely deliver to the PBC a copy of its complaint in accordance with Section 23(b) of the Mechanics Lien Act (770 ILCS 60/23(b) (West 2000)) then in effect. We hold that the plaintiff's lien claim terminated and affirm the order dismissing count I of its complaint.

The PBC is a municipal corporation that contracted with O.C.A. to perform site preparation work on "the New Westinghouse High School (Phase 1)" project. O.C.A., which served as general contractor on the project, then entered into a subcontract agreement with plaintiff to provide certain

No. 1-07-2370

labor and services such as the hauling, disposal, and replacement of rock and gravel at the site.

On December 20, 2006, plaintiff served notice on defendants of its mechanic's lien claim, in which plaintiff claimed a lien on public funds held by the PBC that were allegedly remaining unpaid to O.C.A in the amount of $1,338,957.29. Plaintiff later reduced its claim to $697,382.53.

On March 20, 2007, plaintiff filed its complaint in the circuit court of Cook County. Count I, the count relevant in this appeal, requested an accounting of monies owed to plaintiff and the grant of a lien pursuant to section 23 of the Mechanics Lien Act then in effect. Plaintiff, however, did not deliver a copy of the complaint to the PBC until April 20, 2007, 120 days after serving notice of its lien claim. On May 23, 2007, O.C.A. filed a motion to dismiss count I pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2000)) because plaintiff did not deliver a copy of the complaint to the PBC within 90 days of giving notice of the lien, as required under section 23(b) of the Mechanics Lien Act then in effect. The trial court granted the dismissal and made a finding pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) that there was no reason to delay appeal of the order. Plaintiff filed this timely appeal.

Dismissal of a cause of action pursuant to section 2-619(a)(9) is proper where the claim against defendant is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2000). A section 2-619(a)(9) motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other legal matter effectively defeating the claim. Van Meter v. Darien Park District, 207 Ill. 2d 359, 367 (2003). The trial court's order granting defendant's section 2-619 motion to dismiss is reviewed de novo. Van Meter, 207 Ill. 2d at 368.

Plaintiff contends that the trial court erred in dismissing count I of its cause of action for failing to deliver a copy of the complaint to the PBC within 90 days of plaintiff's giving notice of the lien. Plaintiff contends that the trial court misconstrued section 23(b) of the Mechanics Lien Act then in effect in finding that its lien terminated upon the failure to so deliver the complaint to the PBC within the 90-day period. When interpreting a statute, courts must ascertain and give effect to the legislature's intent. In re Estate of Andernovics, 197 Ill. 2d 500, 507 (2001). In determining legislative intent, courts look at the statutory language and ascribe words their plain and ordinary meaning. Andernovics, 197 Ill. 2d at 507. "If possible, courts must give effect to every word, clause, and sentence and may not read a statute so as to render any part inoperative, superfluous, or insignificant." Newland v. Budget Rent-A-Car Systems, Inc., 319 Ill. App. 3d 453, 456 (2001).

Section 23(b) then in effect states that a subcontractor furnishing materials or labor to any contractor having a contract for public improvement with a municipal corporation shall have a lien for the value thereof on the money due the contractor from the municipal corporation. 770 ILCS 60/23(b) (West 2000). However, before payment is made by the municipal corporation to the contractor, the subcontractor must provide written notification of his claim to the clerk or secretary of the municipal corporation. 770 ILCS 60/23(b) (West 2000). The subcontractor also must furnish a copy of said notice to the contractor. 770 ILCS 60/23(b) (West 2000).

Section 23(b) then in effect further states that the subcontractor shall, within 90 days after giving such notice, "commence proceedings by complaint for an accounting," making the contractor a party defendant. 770 ILCS 60/23(b) (West 2000). Within the 90-day period, the subcontractor must deliver to the clerk or secretary of the municipal corporation a copy of the complaint. 770

No. 1-07-2370

ILCS 60/23(b) (West 2000).

Section 23(b) then in effect states that "[f]ailure to commence proceedings within 90 days after giving notice of lien pursuant to this subsection shall terminate the lien." 770 ILCS 60/23(b) (West 2000). Section 23(b) then in effect further states:

"It shall be the duty of any such clerk or secretary [of the municipal corporation] *** upon receipt of the first notice herein provided for to cause to be withheld a sufficient amount to pay such claim for the period limited for the filing of suit, unless otherwise notified by the person claiming the lien. Upon the expiration of this period the money, bonds or warrants so withheld shall be released for payment to the contractor unless the person claiming the lien shall have instituted proceedings and delivered to the clerk or secretary, as the case may be, of the *** municipal corporation a copy of the complaint as herein provided, in which case, the amount claimed shall be withheld until the final adjudication of the suit is had." (Emphasis added.) 770 ILCS 60/23(b) (West 2000).

In the present case, plaintiff filed its complaint within 90 days of giving notice of its mechanic's lien, but did not deliver a copy of the complaint to the municipal corporation, PBC, within that same 90-day period. The trial court ruled that the failure to deliver a copy of the complaint to the PBC terminated the lien. Plaintiff contends that the trial court erred, as section 23(b) then in effect states that it is only the failure to commence proceedings within 90 days after giving notice that will terminate the lien. Plaintiff contends that since it commenced proceedings by filing a complaint within the 90-day period, the lien was not terminated.

-4-

No. 1-07-2370

Plaintiff's argument is without merit. As discussed, when interpreting a statute, the court must "give effect to every word, clause, and sentence and may not read a statute so as to render any part inoperative, superfluous, or insignificant." Newland, 319 Ill. App. 3d at 456.

Section 23(b) then in effect expressly directs the clerk or secretary of the municipal corporation, after first receiving notice of a lien, to withhold "a sufficient amount to pay such claim for the [90-day] period limited for the filing of suit." 770 ILCS 60/23(b) (West 2000). Upon expiration of the 90-day period, the withheld funds "shall be released for payment to the contractor unless the person claiming the lien shall have instituted proceedings and delivered to the clerk or secretary *** a copy of the complaint as herein provided." 770 ILCS 60/23(b) (West 2000).

Therefore, the clerk or secretary of the municipal corporation must withhold funds sufficient to pay a lien claim for 90 days upon receipt of notice of the lien. However, if the party claiming the lien does not institute proceedings and deliver to the clerk or secretary a copy of the complaint within that 90-day period, section 23(b) then in effect authorizes the disbursement of the funds to the contractor, effectively terminating the lien claim.

Since plaintiff admits that it did not deliver a copy of the complaint to the municipal corporation (the PBC) within 90 days of giving notice of the lien claim, the trial court properly granted the contractor's, O.C.A.'s, section 2-619 motion to dismiss count I of plaintiff's complaint.

Plaintiff contends that its delivery of the complaint to the PBC should relate back to the date of its filing of the lawsuit because "the failure to deliver a copy of the suit to the governmental unit within the 90 day period is a minor formal deficiency rather than a critical step in the creation or enforcement of a lien against public funds." We disagree with plaintiff's characterization of the

-5-

delivery requirement as "a minor formal deficiency." Section 23(b) then in effect clearly provides that when the party claiming the lien does not commence proceedings and deliver a copy of the complaint to the clerk or secretary of the municipal corporation within the 90-day period, the clerk or secretary "shall" disburse to the contractor the funds that had been previously withheld pursuant to the lien claim. 770 ILCS 60/23(b) (West 2000). Thus, section 23(b) then in effect provides that the failure of a party to both commence proceedings and deliver a copy of the complaint within the 90-day period effectively terminates the lien claim. The rule of strict construction applies, as here, " 'to requirements upon which the right to a lien depends.' " Matthews Roofing Co. v. Community Bank & Trust Co. of Edgewater, 194 Ill. App. 3d 200, 205 (1990), quoting Watson v. Auburn Iron Works, Inc., 23 Ill. App. 3d 265, 273 (1974). Accordingly, plaintiff's failure here to deliver to the PBC a copy of the complaint within the 90-day period is fatal to its cause of action.

Plaintiff cites cases construing other sections of the Mechanics Lien Act. See Petroline Co. v. Advanced Environmental Contractors, Inc., 305 Ill. App. 3d 234 (1999); A.Y. McDonald Manufacturing Co. v. State Farm Mutual Automobile Insurance Co., 225 Ill. App. 3d 851 (1992). Those cases are inapposite as "the language of section 23 of the Mechanics' Liens Act *** is clear that only that section of the act governs liens on public improvements. The other sections of that act have no application to public fund liens." Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co., 131 Ill. App. 2d 924, 929 (1971).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER and NEVILLE, JJ.'s concur.