908 N.E.2d 1056 (2009)
ESTATE OF Michael F. GAGLIARDO, Deceased.
(Margaret Gagliardo, Indiv. and as Adm'r with Will Annexed of the Estate of Michael F. Gagliardo, Appellant).
No. 1-06-1714.
Appellate Court of Illinois, First District, Sixth Division.
March 27, 2009.
Rehearing Denied June 2, 2009.
As Modified Upon Denial of Rehearing June 5, 2009.
*1057 Gerald E. Kubasiak, Steven J. Rotunno, Noel P. Goudreau and Clarke M. Gillespie, III, of Kubasiak, Fylstra, Thorpe & Rotunno, P.C., of Chicago, IL, for Appellant.
Ferm C. Bomchill, Richard A. Campbell and Jeffrey A. Berger, of Mayer Brown LLP, of Chicago, IL, for Appellee.

MODIFIED ON DENIAL OF REHEARING
Justice CAHILL delivered the opinion of the court:
Margaret Gagliardo (Margaret), individually and as the administrator of the estate of her late husband, Michael F. Gagliardo (Michael), appeals the trial court's May 2006 order granting fees in petitions filed by two law firms, Duane Morris LLC (Duane Morris) and Mayer Brown Rowe & Maw (Mayer Brown). Each party challenges our jurisdiction but on different grounds. Margaret argues we lack jurisdiction because the trial court in 2003 granted an interested party's motion for a substitution of judge (SOJ) but failed to transfer "the entire case," rendering void all orders that followed. Mayer Brown argues we lack jurisdiction because the 2006 order does not contain the precise language contained in Supreme Court Rule *1058 304 (210 Ill.2d R. 304) (judgments as to fewer than all claims must include an express written finding of no just reason to delay enforcement or appeal). We have reviewed both arguments and conclude that the interlocutory 2006 order and the absence of Rule 304 language defeat our jurisdiction. We dismiss.
We also have reviewed Margaret's petition for rehearing filed after this opinion was issued and address her contentions at the end of this opinion.
Michael died in a racing car accident in May 2001. Paulette, Michael's sister, was named executor of his estate in his will. In June 2001, Paulette and Margaret agreed to hire the law firm of Quinlan & Carroll (Quinlan) to investigate the accident in anticipation of a wrongful death action. Margaret and Paulette dispute who retained Quinlan and who was to be responsible for fees. Quinlan's fees were paid despite the dispute. The parties disagree as to the source of the funds paid to Quinlan, but the source of the payment does not affect our analysis. Paulette as executor opened the estate on December 7, 2001. Paulette was represented first by Duane Morris and then by Mayer Brown. Paulette moved for a determination of attorney fees in August 2003. Quinlan was served with notice of Paulette's motion. The court designated Quinlan as an "interested party" as defined in section 1-2.11 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-2.11 (West 2002)). An interested person or party is one with a financial interest, including a creditor that may be affected by a probate proceeding. 755 ILCS 5/1-2.11 (West 2002). An interested party has standing to intervene in the proceeding.
Quinlan filed a special appearance as an interested party and an emergency motion for an SOJ as of right under section 2-1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2002)) in December 2002. No other parties joined in Quinlan's SOJ motion or filed a separate motion for SOJ. The trial court granted Quinlan's SOJ motion in January 2003. The transcript of the proceedings on the motion shows the trial court concluded that Quinlan was not a party to the estate: "they are not ever going to get a distribution, they are not legatees, they are not heirs at law, they can't contest the will but * * * have an interest in it because they have been paid fees."
The trial court held hearings on the Duane Morris and Mayer Brown fee petitions in March 2006. The Duane Morris petition was for services to Paulette as executor of the estate from August 8, 2002, to December 31, 2002. The Mayer Brown petition was for services to Paulette as executor from January 15, 2003, to March 21, 2006. It is undisputed that Mayer Brown continued to provide services to the estate after March 21, 2006. The trial court in a written order dated May 10, 2006, granted some but not all of the fees and costs in the Duane Morris and Mayer Brown petitions. The order did not include the language in Supreme Court Rule 304 (210 Ill.2d R. 304), stating that the order was appealable.
Margaret appeals. She argues that this court lacks jurisdiction over this appeal because the trial court lost jurisdiction in 2003 by granting Quinlan's SOJ motion on its fee petition without transferring the entire estate case to a different judge. She maintains that because the entire estate case was not transferred, all orders entered by the trial court after it granted Quinlan's SOJ are void under the reasoning in McCann v. Presswood, 308 Ill.App.3d 1068, 242 Ill.Dec. 532, 721 N.E.2d 811 (1999).
*1059 Substitutions of judge are governed by section 2-1001 of the Code. 735 ILCS 5/2-1001 (West 2006). Section 2-1001(a)(2)(i) provides: "Each party shall be entitled to one substitution of judge without cause as a matter of right." 735 ILCS 5/2-1001(a)(2)(i) (West 2006). Section 2-1001(c) provides: "[w]hen a substitution of judge is granted, the case may be assigned to some other judge in the same county, or in some other convenient county." (Emphasis added.) 735 ILCS 5/2-1001(c) (West 2006). Margaret argues that by using "the case," the legislature meant that only entire cases, not one portion of a case like the Quinlan fee issue, can be transferred under the SOJ statute. The parties have not cited, nor has our research found, legal authority that defines "the case" as used in the statute.
Statutory construction presents a question of law and is reviewed de novo. In re Estate of Andernovics, 197 Ill.2d 500, 507, 259 Ill.Dec. 721, 759 N.E.2d 501 (2001). "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." Andernovics, 197 Ill.2d at 507, 259 Ill.Dec. 721, 759 N.E.2d 501. We look to the language of the statute to determine the legislature's intent, giving this language its plain, commonly understood meaning. Andernovics, 197 Ill.2d at 507, 259 Ill.Dec. 721, 759 N.E.2d 501. Black's Law Dictionary defines "case" as: "[a] proceeding, action, suit, or controversy at law or in equity." Black's Law Dictionary 206 (7th ed.1999). The SOJ statute's provisions are to be liberally construed. Aussieker v. City of Bloomington, 355 Ill.App.3d 498, 500, 291 Ill.Dec. 52, 822 N.E.2d 927 (2005). The statute should be construed "to effect rather than defeat the right of substitution." Beahringer v. Hardee's Food Systems, Inc., 282 Ill.App.3d 600, 601, 218 Ill.Dec. 130, 668 N.E.2d 614 (1996). A court has no discretion to deny a request for a substitution of judge as long as the judge has made no substantive rulings or determined that the motion was made to delay or avoid trial. Beahringer, 282 Ill.App.3d at 601, 218 Ill.Dec. 130, 668 N.E.2d 614.
In applying these guidelines, we conclude that adopting Margaret's construction of the SOJ statute would serve to defeat rather than effect the rights of Quinlan under the SOJ statute. The court had made no substantive rulings as to Quinlan. There was no allegation that Quinlan's motion was to delay or avoid a trial.
Margaret's sole authority in arguing that the entire estate should have been transferred to a different judge with Quinlan is McCann, 308 Ill.App.3d at 1068, 242 Ill.Dec. 532, 721 N.E.2d 811. There we construed section 2-604.1 of the Code that precludes plaintiffs from seeking punitive damages "in all actions" based on negligence (735 ILCS 5/2-604.1 (West 1994)). McCann, 308 Ill.App.3d at 1071, 242 Ill. Dec. 532, 721 N.E.2d 811. At issue was a four-count complaint where two counts alleged a cause of action where punitive damages were allowed and two counts alleged negligence where punitive damages were not allowed. McCann, 308 Ill.App.3d at 1071-72, 242 Ill.Dec. 532, 721 N.E.2d 811. We concluded: "Section 2-604.1 speaks of the entire action and does not narrowly restrict punitive damages requests in all counts based on negligence but, rather, in all complaints based on negligence." (Emphasis in original.) McCann, 308 Ill.App.3d at 1072, 242 Ill. Dec. 532, 721 N.E.2d 811. We construed the statute in light of "strong policy considerations against punitive damages," finding that even a complaint based only in part on negligence would be barred from punitive damages under section 2-604.1 (735 ILCS 5/2-604.1 (West 1994)). *1060 McCann, 308 Ill.App.3d at 1072, 242 Ill. Dec. 532, 721 N.E.2d 811.
McCann is distinguishable. First, McCann does not mention, much less construe, the SOJ statute at issue here. Second, McCann construes the term "action," not "case," which is the term at issue here. Finally, the public policy underlying McCann is materially different from the policy underlying the SOJ statute. The court in McCann was concerned with a public policy that discourages plaintiffs from seeking punitive damages. McCann, 308 Ill.App.3d at 1072, 242 Ill.Dec. 532, 721 N.E.2d 811. By rejecting the entire four-count complaint as a whole rather than only those counts sounding in negligence, the court emphasized the breadth of the legislature's disfavor of punitive damages in negligence cases. McCann, 308 Ill. App.3d at 1072, 242 Ill.Dec. 532, 721 N.E.2d 811. In contrast, courts are to construe the SOJ statute to effect, not defeat, a party's right to an SOJ. Aussieker, 355 Ill.App.3d at 500-01, 291 Ill.Dec. 52, 822 N.E.2d 927; Beahringer, 282 Ill. App.3d at 600, 218 Ill.Dec. 130, 668 N.E.2d 614.
Quinlan's creditor interests were collateral to probating the estate, both temporally and procedurally. Quinlan was retained by and provided services to Margaret and Paulette in June 2001, six months before Paulette opened the estate. Quinlan was drawn into the estate proceedings in August 2003 only after Paulette as executor moved for a general determination of attorney fees. Only after receiving notice of Paulette's motion did Quinlan make a "special appearance" before the court. The court found Quinlan to be an "interested party" under section 1-2.11 of the Probate Act (755 ILCS 5/1-2.11 (West 2002)). Without this designation, Quinlan would have lacked standing to intervene in the estate proceedings. See In re Estate of Staehli, 86 Ill.App.3d 1, 6, 41 Ill.Dec. 243, 407 N.E.2d 741 (1980) (someone who is not an "interested person" under the Act lacks standing to intervene). There is no public policy ground for depriving the probate court of jurisdiction when it granted Quinlan's motion as an intervening creditor for an SOJ.
As to the second jurisdictional challenge, we do lack jurisdiction to review the 2006 order because it does not contain the required language to make it appealable under Supreme Court Rule 304 (210 Ill.2d R. 304). As noted earlier, it is undisputed that Mayer Brown continued to represent the estate after March 21, 2006, the last date on its fee petition. For this reason, the fee petition was interlocutory in part. Mayer Brown would be filing one or more fee petitions in the future. The 2006 order did not contain the language required by Supreme Court Rule 304(a): "[the trial court must make] an express written finding that there is no just reason for delaying either enforcement or appeal or both." 210 Ill.2d R. 304(a). We lack jurisdiction to consider this appeal without such a finding. D'Agostino v. Lynch, 382 Ill.App.3d 639, 641-42, 321 Ill.Dec. 144, 888 N.E.2d 663 (2008). Nor is the order appealable under Rule 304(b)(1) (210 Ill.2d 304(b)(1)), as a judgment entered in the administration of an estate that does not require the special language. An order entered in an estate administration without Rule 304(a) language is not appealable where, as here, the judgment entered was for fewer than all of the claims for relief sought by the claimant. In re Estate of Pruett, 133 Ill.App.2d 499, 502, 269 N.E.2d 356 (1971).
Here, although the order was a final disposition of the fees claimed by Duane Morris, it was an interim order for fees claimed by Mayer Brown. An interim *1061 order for attorney fees is not a final or appealable order. In re Marriage of Tetzlaff, 304 Ill.App.3d 1030, 1039, 238 Ill.Dec. 243, 711 N.E.2d 346 (1999).
In her petition for rehearing, Margaret first argues that this court cannot now dismiss the appeal on jurisdictional grounds because a motion panel of this court denied Mayer Brown's earlier motion to dismiss this appeal for want of jurisdiction. A motion panel's denial of a motion to dismiss before briefing and argument is not final and may be revised at any time before the disposition of the appeal. In re Marriage of Waddick, 373 Ill.App.3d 703, 705, 312 Ill.Dec. 98, 869 N.E.2d 1089 (2007). The panel that hears the appeal has an independent duty to determine whether it has jurisdiction and to dismiss the appeal if it does not. In re Marriage of Waddick, 373 Ill.App.3d at 705, 312 Ill.Dec. 98, 869 N.E.2d 1089. The motion panel's denial of the earlier motion to dismiss has no bearing on our review.
Margaret also argues that this court has jurisdiction to review the trial court's final order on Duane Morris's attorney fee petition even if we lack jurisdiction to review the nonfinal order on Mayer Brown's fees. We disagree. The purpose of limiting appeals to final judgments is to discourage piecemeal appeals and to remove the uncertainty that exists when a final judgment is entered on fewer than all matters. Yugoslav-American Cultural Center, Inc. v. Parkway Bank & Trust Co., 327 Ill.App.3d 143, 147, 261 Ill.Dec. 390, 763 N.E.2d 360 (2001). This purpose would be defeated, particularly in this complicated dispute, if we reviewed the Duane Morris fee petition without reviewing the Mayer Brown petition. We decline to do so.
Margaret further maintains in her petition for rehearing that we erred in stating she had challenged this court's jurisdiction. We disagree. Margaret's main premise on appeal was that the trial court lost jurisdiction over all matters pertaining to the estate when it transferred only the Quinlan fee petition, and not the entire probate case, on Quinlan's SOJ motion. Under this theory, our own jurisdiction is questioned: "Where the tribunal below has no jurisdiction an appeal can confer no jurisdiction on the reviewing court." Citizens Utilities Co. of Illinois v. Pollution Control Board, 265 Ill.App.3d 773, 777, 203 Ill.Dec. 487, 639 N.E.2d 1306 (1994). It is axiomatic that the appellate court must first consider its jurisdiction to hear an appeal before reaching the merits. In re Marriage of Schwieger, 379 Ill.App.3d 687, 688, 318 Ill.Dec. 325, 883 N.E.2d 556 (2008). Here, we first concluded we had jurisdiction despite Margaret's main theory that the entire probate case should have been transferred with the Quinlan fee petition. But we then found we lacked jurisdiction under Supreme Court Rule 304(b)(1) (210 Ill.2d R. 304(b)(1)) despite Margaret's other theory that this rule established our jurisdiction.
For these reasons, we dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
O'MALLEY, P.J., and McBRIDE, J., concur.