2019 IL App (2d) 180863-U
No. 2-18-0863
Order filed October 23, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF CHARLES E. DEGAND, SR., an alleged disabled person, | ) ) ) ) ) | Appeal from the Circuit Court of Kane County. <br><br> No. 2016-P-379 |
| (Charlene Degand, as limited guardian of Charles E. Degand, Sr., Petitioner-Appellant, v. Lee Degand, Respondent-Appellee) | ) ) ) ) | Honorable John Noverini, Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: In dispute between siblings regarding a claim against their father's estate, the incompleteness of the record requires affirmance of the judgment granting the claim.

¶ 2    Charlene Degand was appointed limited guardian of her father, Charles Degand, Sr., and sold one of his properties on his behalf. Lee Degand, Charlene's brother, filed a claim against the estate to recover the proceeds of a loan that Lee allegedly made to Charles Sr. to pay attorney fees in a lawsuit involving the property. Lee claimed that Charles Sr. had agreed to repay the loan upon the sale of the property. Charlene disputed the claim against the estate, but the trial court granted Lee a judgment of $134,365.

¶ 3    Charlene appeals, arguing that (1) she received inadequate notice of the hearing on the claim; (2) the claim is not supported by documentary evidence or testimony; and (3) the claim is barred by the statute of limitations on oral contracts (see 735 ILCS 5/13-205 (West 2018)).  Lee responds that (1) Charlene has forfeited her arguments by failing to provide an adequate record on appeal; (2) to the extent that Charlene was provided inadequate notice, she was not prejudiced because her attorney was present for the hearing; (3) the judgment is supported by the evidence; and (4) the claim was not time barred.  We agree with Lee that Charlene has not provided an adequate record from which we can adequately review the trial court's ruling.  We affirm.

¶ 4                              I. BACKGROUND

¶ 5    Initially, we address Charlene's notice to this court that Charles Sr. died on May 28, 2019, which we have taken with the case.  We grant Charlene's motion and note the death as a matter of record.  Neither Charlene nor Lee has presented an argument that the death of Charles Sr. affects the appeal or Lee's underlying claim.

¶ 6    Charlene was appointed temporary guardian of Charles Sr.'s estate and person on July 20, 2016.  Charles Sr. lived with Charlene, and she provided for his personal care and managed his finances.  Charles Sr. was alleged to be a disabled adult, so a guardian *ad litem* (GAL) was appointed for him by the trial court.  Based on the GAL's interviews and report, the trial court appointed Charlene as Charles Sr.'s limited guardian on January 23, 2017.  Charles Sr. was additionally represented by an attorney independent of the GAL.

¶ 7    Before the guardianship, Charles Sr. purportedly declared a trust which contained real estate.  After the guardianship, the trial court exercised jurisdiction over the alleged assets of the trust.  The court authorized Charlene to sell real estate in Kane County and Cook County for her father's benefit.

¶ 8    On February 23, 2018, Lee filed his claim for repayment of the loan, alleging the following facts. In 2008, Charles Sr. and one of his other sons were involved in litigation relating to property at 3647 North Wayne Avenue in Chicago. Charles Sr. needed money for attorney fees but was retired and had a limited income and could not obtain a loan. Charles Sr. and Lee had been partners in various business dealings over 28 years, so Charles Sr. turned to Lee for a loan.

¶ 9    From 2008 through June 8, 2010, Lee allegedly loaned Charles Sr. $134,365. Lee incurred an additional $19,030 in interest debt on money that he borrowed to make the loan. Lee attached documentary evidence of the loan claim, which totaled $153,395. Lee alleged that he and his spouse, Kim Degand, had an oral agreement with Charles Sr. under which Charles Sr. would repay all of the loan proceeds and Lee's interest debt when the property was sold.

¶ 10    On April, 19, 2018, the trial court granted Lee's claim and ordered the estate to pay him $134,365. Charlene filed a motion to vacate the order on the ground that the claim was time barred under section 13-205 of the Code of Civil Procedure (Code). 735 ILCS 5/13-205 (West 2018). On May 31, 2018, the court granted Charlene's motion to vacate.

¶ 11    The matter was again set for hearing but was continued twice, the latter order on September 18, 2018, setting the matter for October 30, 2018. However, on September 13, 2018, Charlene's counsel petitioned for attorney fees, and the matter was set for September 25, 2018. On that date, Charlene's attorney, Lee's attorney, Charles Sr.'s attorney, and the GAL all appeared, as indicated by the order on the fee petition.

¶ 12    On September 25, 2018, with the relevant parties represented, the trial court granted Lee's claim in the amount of $134,365, but there is no transcript or other record of the hearing. The court entered a written order stating, in relevant part, as follows: "This matter coming to be

heard on the claim of Lee Degand, not as trustee but individually; the court having been fully advised in its premises, and over strenuous objection by counsel for guardian; it is hereby ordered (1) that the claim of Lee Degand is hereby granted in the amount of $134,365 to come from [Charles Sr.'s] estate, which will fully satisfy the claim of Lee Degand ***."  Charlene filed a timely notice of appeal on October 19, 2018.

¶ 13                                         II. ANALYSIS

¶ 14     On appeal, Charlene initially argues that the judgment must be reversed because she received inadequate notice of the September 25, 2018, hearing on the claim.  Section 18-1(a) of the Probate Act of 1975 (the Act) provides in relevant part that "[a] claim against the estate of a decedent or ward, whether based on contract, tort, statutory custodial claim or otherwise, may be filed with the representative or the court or both."  755 ILCS 5/18-1(a) (West 2018).  "Within 10 days after a claimant files his claim with the court, the claimant (1) shall cause a copy of the claim to be mailed or delivered to each representative to whom letters of office have been issued and not revoked, including the guardian of the person of a ward and to the representative's attorney of record, unless the representative or the attorney has in writing either consented to allowance of the claim or waived mailing or delivery of a copy, and (2) shall file with the court proof of any required mailing or delivery of copies.  Failure to mail or deliver copies of the claim or to file proof thereof does not affect the validity of the claim filing under subsection 18-1(a)."  755 ILCS 5/18-1(b) (West 2018).

¶ 15     On September 25, 2018, Lee's counsel presented the claim.  The common law record shows no notice to opposing counsel for that date, but the orders make clear that Charlene's attorney was present and argued against the claim.  Furthermore, Lee's noncompliance with the

notice requirements "does not affect the validity of the claim filing under subsection 18-1(a)." See 755 ILCS 5/18-1(b) (West 2018).

¶ 16    Most importantly, there is an inadequate record on appeal to assess Charlene's allegation of inadequate notice or her other claims of error.  We have jurisdiction to review the order granting the claim, but the record does not contain a transcript prepared by the circuit court. Under *Foutch v. O'Bryant*, 99 Ill. 2d 389 (1984), Charlene, as appellant, had the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error; and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court conformed with the law and had a sufficient factual basis.  See *Foutch*, 99 Ill. 2d at 391-92.

¶ 17    Charlene could have filed a bystander's report under Illinois Supreme Court Rule 323(c) (eff. Dec. 13, 2005) or an agreed statement of facts under Rule 323(d) (eff. Dec. 13, 2005).  A transcript, bystander's report, or an agreed statement of facts could have provided the reasons for the trial court's ruling, but our review is hindered without them.

¶ 18    In her reply brief, Charlene argues that we should apply the *de novo* standard of review to the issues she raises on appeal, and therefore, a record of the proceeding is unnecessary. However, she offers no evidence that the trial court limited its consideration to the pleadings and the documentary evidence contained in the record.  There was a hearing at which the court could have heard testimony, and the doubts that arise from the incompleteness of the record of that hearing will be resolved against Charlene, the appellant.  See *Foutch*, 99 Ill. 2d at 392; see also *Estate of Prather v. Sherman Hospital Systems*, 2015 IL App (2d) 140723, ¶¶ 48-49.

¶ 19    In its written order, the trial court noted that the claim was awarded "over strenuous objection by counsel for guardian," but without a record of the hearing, we do not know whether counsel objected on the basis of notice.  Counsel's failure to make an objection on that basis

would result in forfeiture of the issue. See *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 121 (2004) (issues not raised in the trial court generally are forfeited and may not be raised for the first time on appeal). Doubts regarding whether Charlene objected to inadequate notice are resolved against her, and we presume that the court's decision to proceed with the hearing conformed with the law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 20    Charlene also argues that the claim lacks an evidentiary basis and is barred by the statute of limitations on oral contracts. Once a claim is properly filed, section 18-7 of the Act (755 ILCS 5/18-7 (West 2018)) governs the procedure for its adjudication. Section 18-7(a) provides that "[o]n the call of a claim it may be allowed, set for trial, continued or dismissed." 755 ILCS 5/18-7(a) (West 2018). Under section 18-7, the trial court has "wide latitude in allowing claims or requiring proof of claims." *In re Estate of Andernovics*, 197 Ill. 2d 500, 507 (2001). But "claims against an estate should be scrutinized with care and should not be allowed except on clear proof." *Andernovics*, 197 Ill. 2d at 508-09. The party bringing the claim has the burden to prove it by a preponderance of the evidence. *In re Estate of Bozarth*, 2014 IL App (4th) 130309, ¶ 30. Since we lack a record of the hearing, we do not know what documentary evidence or testimony was presented to the trial court in support of the claim or whether the claim fell within or outside the relevant statute of limitations. The incompleteness of the record on appeal impels us to affirm the judgment.

¶ 21                                III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 23    Affirmed.