2020 IL App (1st) 191209-U

No. 1-19-1209

Order filed July 21, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MELVIN PEACE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 625049 |
| | ) | |
| CITY OF CHICAGO DEPARTMENT OF | ) | Honorable |
| ADMINISTRATIVE HEARINGS, | ) | Joseph M. Sconza, |
| | ) | Judge, presiding. |
| Defendant-Appellee. | | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Judgment of the circuit court of Cook County affirming administrative finding of liability for parking violation is affirmed.

¶ 2    Following a hearing in the City of Chicago's Department of Administrative Hearings

(DOAH), plaintiff Melvin Peace was found liable for parking his vehicle within 15 feet of a fire

hydrant and was fined $150. Plaintiff sought administrative review in the circuit court, which

affirmed the agency determination. On appeal, plaintiff contends the finding of liability should be

reversed because his vehicle was not parked within 15 feet of a fire hydrant and because there were no yellow curb markings alerting him that parking was prohibited. For the reasons that follow, we affirm.

¶ 3    Plaintiff was ticketed under section 9-64-100(a) of the City of Chicago Municipal Code (Chicago Municipal Code § 9-64-100(a) (amended April 10, 2019)) for parking a vehicle within 15 feet of a fire hydrant on West Warren Boulevard in Chicago on November 15, 2018. He was assessed a fine of $150. The parking ticket included the vehicle's license plate number. The issuing officer took two photographs of the vehicle, which are included in the record on appeal. One photograph shows the parked vehicle in the vicinity of a fire hydrant, and the other photograph is a close-up of the vehicle's license plate.

¶ 4    Plaintiff requested a hearing at the DOAH, which took place before an administrative law judge (ALJ) on December 28, 2018. At the hearing, plaintiff, who was *pro se*, confirmed he was the registered owner of the vehicle depicted in the photographs. The ALJ found a *prima facie* case of the alleged parking violation based on the photographs and the officer's statement, recorded in the parking ticket, that plaintiff's vehicle was parked within 15 feet of a fire hydrant.

¶ 5    Plaintiff responded he was not liable because, as shown in the photograph of his vehicle, there were no "yellow lines," *i.e.*, yellow curb markings indicating he was not allowed to park his vehicle where he parked it. The ALJ rejected this argument, explaining that both Illinois law and the Municipal Code prohibit parking a vehicle within 15 feet of a fire hydrant regardless of whether curb markings are present.

¶ 6    Plaintiff also argued he was not liable because his vehicle was parked more than 15 feet away from the fire hydrant. Based on the officer's statement, the photographic evidence and the

length of plaintiff's vehicle, the ALJ concluded that plaintiff's vehicle was parked "no more than eight feet from th[e] hydrant." Plaintiff was found liable for parking his vehicle within 15 feet of a fire hydrant, in violation of section 9-64-100(a) of the Municipal Code, and assessed a fine of $150.

¶ 7    Plaintiff filed a *pro se* complaint in the circuit court, seeking administrative review of the ALJ's decision. The circuit court affirmed.

¶ 8    Plaintiff timely appealed.

¶ 9    Plaintiff proceeds *pro se* on appeal and has filed his brief using a preprinted form approved by the Illinois Supreme Court. Nevertheless, plaintiff's brief does not comply with Supreme Court Rule 341 because it does not cite to any authority. Ill. S. Ct. R. 341(h)(1) (eff. May 25, 2018). Plaintiff's *pro se* status "does not relieve him of the burden of complying with supreme court rules." *Wade v. Illinois Commerce Commission*, 2017 IL App (1st) 171230, ¶ 16. Plaintiff's noncompliance with Rule 341 subjects his appeal to the possibility of dismissal. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, "even in the face of deficient briefs, our jurisdiction over a *pro se* appeal may still be exercised where 'we understand the issue plaintiff intends to raise and especially where the court has the benefit of a cogent brief of the other party.' " *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 48 (quoting *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)). Since that is the case here, we will address plaintiff's appeal on the merits.

¶ 10    Plaintiff seeks review of the DOAH finding of liability on the same grounds he raised at the administrative hearing: that his vehicle was parked more than 15 feet away from the fire hydrant and there were no yellow curb markings indicating that parking was prohibited.

¶ 11    On appeal, we review the administrative agency's decision, not the determination of the circuit court conducting the administrative review. *Wolin v. Department of Financial and Professional Regulation*, 2012 IL App (1st) 112113, ¶ 19. The applicable standard for reviewing an administrative decision depends upon "whether the question presented is one of fact, a mixed question of fact and law, or a pure question of law." *Cunningham v. Schaeflein*, 2012 IL App (1st) 120529, ¶ 19.

¶ 12    Section 9-64-100 provides "[i]t shall be unlawful to park any vehicle in any of the following places: (a) Within 15 feet of a fire hydrant[.]" Chicago Municipal Code § 9-64-100(a) (amended April 10, 2019). Whether plaintiff's vehicle was parked within 15 feet of the fire hydrant, in violation of this ordinance, is a question of fact.

¶ 13    With respect to questions of fact, our function is to determine whether the hearing officer's findings and decision are contrary to the manifest weight of the evidence. *Wolin*, 2012 IL App (1st) 112113, ¶ 19 (citing, *inter alia*, *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992)). "Administrative decisions are against the manifest weight of the evidence when the court, viewing the evidence in the light most favorable to the administrative agency, determines that no rational trier of fact could have agreed with the agency's decision and that an opposite conclusion is clearly evident." *Lapp v. Village of Winnetka*, 359 Ill. App. 3d 152, 167 (2005). " 'The mere fact that an opposite conclusion is reasonable * * * will not justify the reversal of administrative findings.' " *Wolin*, 2012 IL App (1st) 112113, ¶ 19 (quoting *Abrahamson*, 153 Ill. 2d at 88). The findings and conclusions of the administrative agency on questions of fact are accepted as *prima facie* true and correct, and we do not reweigh the evidence.

735 ILCS 5/3-110 (West 2018); *Arroyo v. Chicago Transit Authority*, 394 Ill. App. 3d 822, 830 (2009).

¶ 14    The administrative finding that plaintiff's vehicle was parked within 15 feet of the fire hydrant was not against the manifest weight of the evidence. The officer's statement, as recorded in the parking ticket, established that plaintiff's vehicle was parked within 15 feet of the fire hydrant. The ALJ accepted that statement as true, and we accept that finding of fact as *prima facie* true and correct. See *Sudzus v. Department of Employment Security*, 393 Ill. App. 3d 814, 819 (2009). In addition, the photograph of plaintiff's vehicle shows it was parked less than a car-length from the fire hydrant. Based on the photograph and the length of plaintiff's vehicle itself, the ALJ further estimated that plaintiff's vehicle was parked within eight feet of the fire hydrant, and we also accept that finding as *prima facie* true and correct. *Sudzus*, 393 Ill. App. 3d at 819. Viewing the evidence in the light most favorable to DOAH, the ALJ rationally concluded that plaintiff's vehicle was parked within 15 feet of the fire hydrant.

¶ 15    Plaintiff presented no evidence to rebut the *prima facie* conclusion that his vehicle was parked within 15 feet of the fire hydrant; he simply insisted that it was not. Plaintiff's disagreement with the ALJ's finding does not establish that "an opposite conclusion is clearly evident." *Lapp*, 359 Ill. App. 3d at 167. Thus, plaintiff has failed to demonstrate that the agency's decision was against the manifest weight of the evidence.

¶ 16    Plaintiff also argues that he is not liable for this parking violation because there were no yellow markings on the curb indicating that parking was prohibited. The ALJ found that fact to be irrelevant, because section 9-64-100(a) prohibits parking within 15 feet of a fire hydrant regardless of the presence or absence of yellow curb markings.

¶ 17    The issue here is whether section 9-64-100 of the Municipal Code provides an exception to liability when curb markings are not present, *i.e.*, whether the ALJ's interpretation of the Municipal Code was correct. "[T]he interpretation of a municipal ordinance presents a question of law which we review *de novo*." *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 29 (citing *Faison v. RTFX, Inc.*, 2014 IL App (1st) 121893, ¶ 29).

¶ 18    "Municipal ordinances are interpreted using the same general rules of statutory interpretation." *Landis v. Marc Realty, LLC*, 235 Ill. 2d 1, 7 (2009). "The most fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *Id.* (citing *In re Estate of Andernovics*, 197 Ill. 2d 500, 507 (2001)). "The statute's language is the best indicator of such intent." *Id.* (citing *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000)). " 'Where the language in the statute is clear and unambiguous, this court will apply the statute as written without resort to extrinsic aids of statutory construction.' " *Id.* (quoting *Landis*, 235 Ill. 2d at 6-7). "If the language is clear and unambiguous, we may not depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." See *Cuevas v. Berrios*, 2017 IL App (1st) 151318, ¶ 33.

¶ 19    The language of section 9-64-100 of the Municipal Code does not mention curb markings or require their presence near a fire hydrant to constitute a violation. Based on the plain language of the ordinance, we find no legislative intent to allow parking within 15 feet of a fire hydrant in the absence of curb markings. Because the language of the ordinance is clear and unambigious, "we may not depart from the plain language and meaning [of the ordinance] by reading into it exceptions." *Cuevas*, 2017 IL App (1st) 151318, ¶ 33. We find that the ALJ's interpretation of section 9-64-100 was correct, as was the finding of liability against plaintiff.

¶ 20    For the reasons stated, we affirm the decision of the circuit court of Cook County affirming the decision of the Department of Administrative Hearings.

¶ 21    Affirmed.