ROGER J. HOBIN, Plaintiff-Appellant, *v.* SHEILA J. O'DONNELL, Adm'r with the Will Annexed of the Estate of Mary Ellen Hobin, Deceased, Defendant-Appellee.

Third District   No. 82—820

Opinion filed June 24, 1983.

Jack Cassidy, of Cassidy & Mueller, of Peoria, for appellant.

Robert S. Calkins, of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal involves a probate claim filed by the plaintiff, Roger Hobin, pursuant to section 18—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 18—1) against the estate of Mary Ellen Hobin, the plaintiff's aunt. According to the terms of his aunt's will, the plaintiff was to receive all of the decedent's shares of stock in the Walgreen Company. However, the stock had been sold prior to the decedent's death. The plaintiff's claim alleged that for many years prior to her death, the decedent was a nursing home patient and incapable of managing her affairs. The claim further stated that someone other than the decedent (presumably her brother who was also the residuary legatee) sold the Walgreen stock without the decedent's knowledge or permission and that the proceeds of the stock sale should be impressed with a constructive trust for the plaintiff's benefit.

The personal representative of the estate filed a motion to dismiss the claim arguing that the bequest to the plaintiff had been adeemed and that a probate claim was not the proper procedure for invoking the equitable powers of the court under these circumstances. Without discussing the basis for its decision, the court granted the motion and denied the plaintiff's motion to file an amended claim. The plaintiff appeals.

We find that the trial court erred in granting the defendant's motion to dismiss. Contrary to the allegations in the defendant's motion, a probate claim may be employed to impose a constructive trust on the proceeds of an estate. Also, the plaintiff's claim raised significant questions of fact regarding the issue of ademption which should have

been resolved by the trial court after conducting a hearing on the merits.

■ The restrictions upon the jurisdiction of a court conducting probate proceedings were removed with the adoption of the Judicial Article of 1964 (Ill. Const. 1870, art. VI (1964), sec. 9). Also, the Probate Act of 1975 provides that a claim against a decedent's estate may be based on contract, tort *or otherwise*. (Ill. Rev. Stat. 1981, ch. 110½, par. 18—1.) The Act defines a claim as "any cause of action." (Ill. Rev. Stat. 1981, ch. 110½, par. 1—2.05.) Based upon the foregoing authority, it has been held that a claim founded upon an alleged constructive trust is within the jurisdiction of a court conducting a probate proceeding. (*In re Estate of Engel* (1980), 87 Ill. App. 3d 273, 277; *Eiseman v. Lerner* (1978), 64 Ill. App. 3d 185, 187; *In re Estate of Tarr* (1976), 37 Ill. App. 3d 915.) Accordingly, the trial court had jurisdiction over the plaintiff's claim seeking imposition of a constructive trust.

■ By granting the defendant's motion to dismiss, the court was also in effect finding that the plaintiff had no claim because the bequest was adeemed as a matter of law. We disagree.

■ The Illinois Supreme Court set forth the generally accepted definition of the doctrine of ademption in *Brady v. Paine* (1945), 391 Ill. 596, 600-01:

> "Ademption of a specific legacy or devise is the extinction, alienation, withdrawal or satisfaction of the legacy or devise by *some act of the testator by which an intention to revoke is indicated*; the doing of some act with regard to the subject matter of the devise which interferes with the operation of the will. It signifies an alteration in the subject matter of the legacy or devise." (Emphasis added.)

As the plain language of *Brady* indicates, ademption requires some act of the testator indicative of an intention to revoke.

■ The plaintiff's claim alleged that someone other than the decedent had sold the stock and that the decedent was mentally impaired. Thus the claim called into question whether there was any act by the testator and whether the testator was capable of forming an intent to revoke the plaintiff's bequest. Although there may have been some technical deficiencies in the allegations of the plaintiff's claim, such claims under the Probate Act of 1975 need not set out a cause of action as would be necessary for a formal pleading. *In re Estate of Engel* (1980), 87 Ill. App. 3d 273, 277; *In re Estate of Piper* (1978), 59 Ill. App. 3d 325.

The trial court should have denied the motion to dismiss and con-

ducted a hearing as to whether the decedent disposed of the stock with intent to revoke plaintiff's bequest. If someone other than the decedent sold the stock without permission or if the decedent was incapable of forming the requisite intent, then there was no ademption. Whether the correct remedy in such a case is a constructive trust or other form of relief is a question to be answered by the trial court after conducting a hearing on the plaintiff's claim.

For the reasons set forth herein, the judgment order of the circuit court of Peoria County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P.J., and BARRY, J., concur.