2016 IL App (3d) 150483

Opinion filed July 7, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| In re ESTATE OF CATHERINE STERBA, Deceased | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois, |
| (Peter N. Metrou, as Trustee of the Chapter 7 Bankruptcy Estate of Jason R. Dearth, Debtor, | ) ) ) ) ) | |
| Petitioner-Appellee, | ) ) | Appeal No. 3-15-0483 Circuit No. 13-P-10 |
| v. | ) ) ) | |
| The Estate of Catherine Sterba, Deceased, | ) ) ) | Honorable Robert C. Marsaglia, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1        The Estate of Catherine Sterba (Estate) appeals the trial court's ruling that a disclaimer of interest in certain devised real estate executed by Jason Dearth, the son of the decedent, was invalid.

¶ 2                                        FACTS

¶ 3        Catherine Sterba died on January 10, 2013, leaving a will nominating her son, Jason

Dearth, to act as executor.  On February 11, 2013, Jason filed a petition to probate will and for

letters testamentary.  The trial court admitted the will to probate and appointed Jason as

independent executor of the Estate.

¶ 4        Jason executed a document entitled "Partial Disclaimer" on December 28, 2013, which

was filed in the trial court on October 27, 2014.  The disclaimer alleged that, in her last will and

testament, the decedent devised her home and real estate (the subject property) in equal shares to

her four children: Jason, Sheila Dearth, Susan Thompson, and Eva Black.  The "Partial

Disclaimer" went on to state:

> "JASON DEARTH desires to disclaim any and all interest or interests which she
>
> [*sic*] may receive from the Estate of CATHERINE STERBA, deceased, under the
>
> said Last Will and Testament the CATHERINE STERBA dated March 2, 2002 of
>
> the said CATHERINE STERBA, deceased, located in the State of Illinois, in the
>
> manner hereinafter described and upon the terms stated herein.  JASON
>
> DEARTH does hereby disclaim her [*sic*] specific interest so that SHEILA
>
> DEARTH shall take the shares which JASON DEARTH would have received but
>
> for this disclaimer of interest.
>
> Now, these presents witness that the said JASON DEARTH  does hereby
>
> disclaim the partial interest of the estate and interest which was devised and
>
> bequeathed to JASON DEARTH by the said CATHERINE STERBA, deceased,
>
> in and by the said Last Will and Testament of CATHERINE STERBA March 2,
>
> 2002 the said CATHERINE STERBA deceased, located in the State of Illinois by

the following described language so that SHEILA DEARTH shall take the shares which JASON DEARTH would have received but for this disclaimer of interest, to wit: [legal description of property]."

¶ 5    Jason filed for chapter 7 bankruptcy on March 22, 2014, approximately three months after execution of the "Partial Disclaimer."  In the bankruptcy proceedings, Peter N. Metrou, the bankruptcy trustee, filed a complaint to determine interest in the subject property, arguing: the disclaimer executed by Jason was invalid; Jason was a partial owner of the subject property at the time he filed for bankruptcy; and Jason's transfer of his interest to Sheila should be avoided as a fraudulent transfer.

¶ 6    In the probate proceedings, Jason, as executor of the Estate, filed a petition to determine the validity of the "Partial Disclaimer" and a brief in support of the petition.  The brief alleged that Jason had executed a "Partial Disclaimer" by which Jason "intended to disclaim his interest to his sister, Sheila Dearth who [was] divorced and [was] the sole support of her two children as she [had] the most economic need for funds from the inheritance of their mother."  The brief argued that Jason's disclaimer was valid under Illinois law and that his interest passed to the "three remaining heirs of the Estate of Catherine Sterba."

¶ 7    Metrou filed a brief in opposition, arguing that the "Partial Disclaimer" was invalid because Jason attempted to control the disposition of the subject property by transferring it to Sheila.

¶ 8    The trial court issued a written order declaring the "Partial Disclaimer" invalid.  The trial court reasoned that Jason's attempt to direct the distribution of his one-quarter interest in the subject property other than as provided by the decedent's will invalidated the disclaimer.

3

¶ 9                                                     ANALYSIS

¶ 10            On appeal, the Estate argues that the trial court erred in declaring the "Partial Disclaimer"

invalid.  Specifically, the Estate argues that the "Partial Disclaimer" complied with section 2-7 of

the Probate Act of 1975 (Act) (755 ILCS 5/2-7 (West 2012)), and the language in the "Partial

Disclaimer" regarding Sheila did not invalidate the disclaimer but rather expressed Jason's

motive in disclaiming his interest.  The validity of Jason's disclaimer is a question of law, which

we review *de novo*.  *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 553 (2005).

¶ 11            Section 2-7 of the Act (755 ILCS 5/2-7 (West 2012)) concerns the right to disclaim an

interest in property.  Section 2-7(a) provides: "A person to whom any property or interest therein

passes, by whatever means, may disclaim the property or interest in whole or in part by

delivering or filing a written disclaimer as hereinafter provided."  755 ILCS 5/2-7(a) (West

2012).  Section 2-7(e) of the Act provides that: "The right to disclaim property or a part thereof

or an interest therein shall be barred by *** an assignment, conveyance, encumbrance, pledge,

sale or other transfer of the property, part or interest, or a contract therefor, by the disclaimant or

his representative ***."  755 ILCS 5/2-7(e) (West 2012).  Our supreme court has held that "the

legislature intended section 2-7(e) to bar disclaimer whenever a devisee, before disclaiming, has

engaged in transactions or dealt with the property in a manner which is inconsistent with a

complete renunciation of any interest in or power over the property." *Tompkins State Bank v.

Niles*, 127 Ill. 2d 209, 223 (1989).

¶ 12            We find that Jason's disclaimer was invalid.  The "Partial Disclaimer" stated: "JASON

DEARTH desires to disclaim any and all interest or interests which she [*sic*] may receive from

the Estate *** *upon the terms stated herein*.  JASON DEARTH does hereby disclaim her [*sic*]

specific interest so that *SHEILA DEARTH shall take the shares which JASON DEARTH would*

                                                           4

*have received but for this disclaimer of interest*." (Emphases added.) Thus, while the "Partial Disclaimer" purported to "disclaim" Jason's interest in the subject property, in substance, the "Partial Disclaimer" assigned Jason's interest to Sheila. This attempt by Jason to assign his interest in the subject property to Sheila barred him from disclaiming pursuant to section 2-7(e) of the Act (755 ILCS 5/2-7(e) West 2012)), as it constitutes "deal[ing] with the devised estate in a manner which is inconsistent with a complete renunciation of any interest in the property being disclaimed." *Niles*, 127 Ill. 2d at 226.

¶ 13    We reject the Estate's argument that the language in the "Partial Disclaimer" regarding Sheila only showed Jason's "wishes" or "motive" in disclaiming his interest in the subject property. Specifically, the Estate argues that Jason's disclaimer related back to the time of the decedent's death such that Jason did not hold any interest in the subject property at the time he executed the "Partial Disclaimer" that he could transfer to Sheila. It is true that the disclaimer statute provides that a "disclaimer relates back 'for all purposes' to the date of the decedent's death." *Niles*, 127 Ill. 2d at 221 (quoting 755 ILCS 5/2-7(d) (West 2012)). However, the mere fact that Jason used the word "disclaim" in the "Partial Disclaimer" did not trigger the relation-back provision of section 2-7(d) of the Act (755 ILCS 5/2-7(d) (West 2012)). Jason's purported "disclaimer" of his interest in the subject property and his assignment of his interest to Sheila occurred simultaneously in the same instrument. When read as a whole, the "Partial Disclaimer" sought to *assign* Jason's interest to Sheila rather than *disclaim* it. Since the "Partial Disclaimer" did not truly disclaim Jason's interest, the relation-back provision of section 2-7(d) was not triggered.

¶ 14                                                    CONCLUSION

¶ 15    The judgment of the circuit court of Grundy County is affirmed.

5

¶ 16        Affirmed.