# Illinois Official Reports

## Appellate Court

---

### *In re Estate of Bohn*, 2019 IL App (1st) 173083

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF JOHN A. BOHN JR., Deceased (PATRICIA A. BUCZKIEWICZ, Claimant-Appellant, v. JOHN BOHN SR., as Independent Administrator of the Estate of John A. Bohn Jr., Deceased, Respondent-Appellee). |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-3083 |
| Filed | March 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-P-1706; the Hon. Susan M. Coleman, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Steven P. Blonder, Kevin M. Noonan, and Jonathan L. Loew, of Much Shelist, P.C., of Chicago, for appellant.<br><br>No brief filed for appellee. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Presiding Justice McBride and Justice Gordon concurred in the judgment and opinion. |

**OPINION**

¶ 1     After John A. Bohn Jr., passed away, his father opened a probate estate and was appointed the estate's administrator. Patricia A. Buczkiewicz filed a claim against the estate, alleging that she and the decedent had lived together for 40 years and seeking *quantum meruit* and fair compensation for various services rendered while he was alive. On the estate's motion, the circuit court dismissed her claim, finding that, as a matter of law, she was incapable of providing caregiving services to the decedent. The court based its ruling solely on photographs that had been attached to the estate's reply in support of its motion to dismiss, which depicted the residence previously owned by the decedent, now part of his estate, in a state of disrepair. On appeal, Buczkiewicz contends that the circuit court erred in dismissing her claim based solely on the photographs of the residence. We agree with Buczkiewicz, and for the reasons that follow, we reverse the circuit court's dismissal and remand for further proceedings.

¶ 2                                        I. BACKGROUND

¶ 3     On February 7, 2016, John A. Bohn Jr. (decedent) passed away at age 57 without a will, leaving to his estate a nominal amount of cash and real estate worth approximately $100,000. The decedent's father, John Bohn Sr., opened a probate estate and filed a petition for letters of administration. The circuit court granted the petition and appointed him the independent administrator of the decedent's estate (administrator). For three weeks in April 2016, the administrator published notice of the decedent's death, informing potential creditors that claims must be filed against the estate on or before October 11, 2016.

¶ 4     In August 2016, Patricia A. Buczkiewicz filed a *pro se* complaint against the estate, alleging that she and the decedent met in 1976 and had lived together for 40 years without marrying. She claimed that they supported each other over the years, and in 1998, they moved to Northlake, Illinois. At some point after moving, she was electrocuted at work and could no longer adequately perform her work duties. While the decedent worked, Buczkiewicz stayed home and performed various household chores. For her work over the years, she allegedly never received any compensation. After the decedent passed away, the administrator evicted Buczkiewicz from the Northlake residence. Buczkiewicz sought "*quantum meruit* support during life," an opportunity to be heard, and "what's fair."

¶ 5     The estate moved to dismiss Buczkiewicz's complaint, arguing that she had no standing in the cause and was not an interested party because she never filed a timely claim with the estate. The estate also asserted that Buczkiewicz had been evicted from the residence by an order of the court (case No. 2016 M4 3095), and in the eviction action, she raised the same allegations contained in her complaint, but the circuit court deemed them unfounded. Buczkiewicz subsequently obtained the representation of counsel.

¶ 6     Buczkiewicz responded to the estate's motion, arguing that she was a creditor of the estate, she was an interested person under Illinois law, and her complaint against the estate was timely filed. Further, she posited that, while the eviction action adjudicated a right to possession of the Northlake residence, it did not adjudicate her claim against the estate. She contended that her complaint's principal allegation was the entitlement to fair compensation for the caregiving services rendered to the decedent while he was alive, and she should have the merits of her claim heard.

¶ 7    The estate replied and gave its version of the decedent's relationship with Buczkiewicz and her connection to the Northlake residence. According to the reply, Buczkiewicz and the decedent met in 1976, but did not live together for 40 years. The decedent bought the Northlake residence in 1998 and moved there with his parents, not Buczkiewicz. The parents remained there until 2007, when they moved to Chicago. At that time, the decedent allowed Buczkiewicz to live in one room of the Northlake residence. In October 2009, the decedent and Buczkiewicz argued about her "hoarding habits," which prompted him to move to Chicago, where he remained until his death in February 2016. Meanwhile, Buczkiewicz continued to live at the Northlake residence. In November 2011, the decedent gave her a 30-day eviction notice. In January 2012, he filed a forcible detainer action to evict her from the residence (case No. 12 M4 30). Although the circuit court entered an order of possession in his favor, he did not enforce the order because Buczkiewicz promised to vacate the residence. On October 20, 2016, eight months after the decedent passed away, the administrator, on behalf of the estate, obtained an order of possession for the Northlake residence against Buczkiewicz (case No. 2016 M4 3095). After obtaining possession of the Northlake residence, the administrator found the home "uninhabitable" due to Buczkiewicz's actions, and the estate had to expend thousands of dollars to clean the residence. The estate's reply asserted that Buczkiewicz never provided services to the decedent and never paid rent, taxes, insurance, or utilities for the residence. The estate contended that Buczkiewicz had no legal relationship with the decedent and never provided services to him. It also maintained that she failed to file a timely and valid claim against the estate.

¶ 8    The administrator of the estate attached multiple documents to the reply, including several photographs allegedly from the Northlake residence that demonstrated how the residence was uninhabitable. The photographs show garbage bags strewn all over the residence, including, according to the administrator, "human feces" on the ground.

¶ 9    In December 2017, in a written order, the circuit court granted the estate's motion to dismiss with prejudice. The court found that Buczkiewicz had timely filed her claim against the estate, but, "based on the pictures attached to the estate's reply," held "as a matter of law that Ms. Buczkiewicz was incapable of providing caregiving services to decedent."

¶ 10    Buczkiewicz subsequently appealed under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016).

¶ 11                                II. ANALYSIS

¶ 12    Buczkiewicz contends that the circuit court erred by holding that, as a matter of law, she was incapable of providing caregiving services to the decedent while he was alive, based solely on unauthenticated photographs that were attached to the reply of the estate's motion to dismiss.

¶ 13    Initially, we note that the estate has not filed a brief as the appellee in this matter. But in light of the claimed error, we do not need the aid of an appellee's brief to resolve this appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14    Before discussing the propriety of the circuit court's dismissal, we first observe that, in filing a claim against an estate, " '[t]echnical legal form is not required.' " *In re Estate of Krpan*, 2013 IL App (2d) 121424, ¶ 19 (quoting *In re Estate of Wagler*, 217 Ill. App. 3d 526, 529 (1991)). To adequately file a claim against an estate, the party may file the claim with the circuit court, the representative of the estate, or both (755 ILCS 5/18-1(a) (West 2016)). The

- 3 -

claim must be filed "in writing" and state "sufficient information to notify the representative of the nature of the claim or other relief sought" (*id.* § 18-2). Because a claim is not a pleading, it does not need to be well-pled, as our rules of civil procedure would normally demand (*In re Estate of Krpan*, 2013 IL App (2d) 121424, ¶ 19), nor does it even need to set forth a formal legal claim. *Craig v. Zink*, 2016 IL App (4th) 150939, ¶ 28. While the form necessary to present a claim is relaxed, the time to file one is not. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶¶ 57-58. If the claim is not filed against the estate within the time period prescribed by the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2016)), the claim is barred. *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶¶ 57-58. In this case, the time period was within six months of the first published notice of the decedent's death. See 755 ILCS 5/18-3(a), 18-12(a) (West 2016).

¶ 15    Given these relaxed standards, Buczkiewicz's claim against the estate, filed in the circuit court and alleging that she was entitled to *quantum meruit* and "fair" compensation for various services rendered over the years for the decedent, was sufficient to meet the requirements of sections 18-1(a) and 18-2 of the Probate Act (*id.* §§ 18-1(a), 18-2). See *In re Estate of Walsh*, 2012 IL App (2d) 110938, ¶¶ 59-61 (determining whether a claimant against an estate had sufficiently established the elements of *quantum meruit* at trial); *In re Estate of Brittin*, 247 Ill. App. 3d 756, 760 (1993) (finding that the claimants made a valid claim against an estate for the value of services performed by them for the decedent). Furthermore, Buczkiewicz timely filed her claim, as she did so within six months of the first published notice of the decedent's death.

¶ 16    Once a claim is sufficiently and timely filed, section 18-7 of the Probate Act (755 ILCS 5/18-7 (West 2016)) discusses the procedure for its adjudication. Section 18-7(a) provides that "[o]n the call of a claim it may be allowed, set for trial, continued or dismissed." *Id.* § 18-7(a). If the representative of the estate or his attorney consents to the claim, or if no pleading has been filed against the claim, the circuit court may either accept the claim as proved or require the claimant prove her claim. *Id.* Under this section, the court has "wide latitude in allowing claims or requiring proof of claims." *In re Estate of Andernovics*, 197 Ill. 2d 500, 507 (2001). But "claims against an estate should be scrutinized with care and should not be allowed except on clear proof." *Id.* at 508-09. The party bringing the claim has the burden to prove it by a preponderance of the evidence. *In re Estate of Bozarth*, 2014 IL App (4th) 130309, ¶ 30.

¶ 17    Different presumptions apply to the value of services provided to the decedent while he was alive, depending on who provided them. If the services were provided by someone who is related to the decedent, there is a rebuttable presumption that they were done gratuitously without an expectation of payment. *In re Estate of Walsh*, 2012 IL App (2d) 110938, ¶ 39. If the services were provided by someone who is not related to the decedent, there is a rebuttable presumption that they were done with an expectation of payment. *Id.* However, " '[b]lood kinship is not necessary in order to raise' the presumption of gratuitous service." *Id.* (quoting *In re Estate of Milborn*, 122 Ill. App. 3d 688, 692 (1984)). Rather, the presumption is based on the concept of " 'mutual dependence' " and can arise when unrelated people live together as one family. *Id.* (quoting *In re Estate of Milborn*, 122 Ill. App. 3d at 692). Where the presumption of gratuitous services exists, it may be rebutted with sufficient evidence of an express or implied contract. *In re Estate of Templeton*, 339 Ill. App. 3d 310, 314 (2003). "The amount of evidence sufficient to rebut the presumption of gratuity depends on the facts of each case; the presumption diminishes in direct proportion to the remoteness of the degree and character of the family relationship and the character of the duties performed." *Id.*

¶ 18 Probate courts are tasked with the responsibility to " 'ascertain the true facts, and charge the executor with the amount justly chargeable against [the estate], and no more.' " *In re Estate of Andernovics*, 197 Ill. 2d at 509 (quoting *Millard v. Harris*, 119 Ill. 185, 199 (1887)). Thus, even if a claim is consented to by the estate, it is the circuit court's ultimate responsibility to "allow or disallow *any* claim." (Emphasis in original.) *Id.* at 510. Generally, procedures under the Probate Act afford wide latitude to the circuit court in its adjudication of claims (see *id.* at 507), meaning we ordinarily would give deference to the court in reviewing its denial of a claim. See *In re Estate of Bozarth*, 2014 IL App (4th) 130309, ¶ 31. However, the circuit court here dismissed Buczkiewicz's claim as a matter of law, meaning we review the dismissal *de novo*. *In re Estate of Sterba*, 2016 IL App (3d) 150483, ¶ 10.

¶ 19 In this case, there is no indication from the record that the circuit court held an evidentiary hearing to determine, for example, what presumption applied to Buczkiewicz's claim of compensation for services provided to the decedent while he was alive and ultimately whether or not her claim was meritorious. On the contrary, the court found as a matter of law that Buczkiewicz could not have provided caregiving services to the decedent while he was alive, and as a result, dismissed her claim, based solely on unauthenticated photographs allegedly from the Northlake residence. There are multiple problems with the court's ruling.

¶ 20 First, as observed by Buczkiewicz, the circuit court apparently accepted the word of the estate without any foundation of, for example, who took the photographs and when they were taken in order to ascertain if the photographs accurately depicted the Northlake residence. See *Lambert v. Coonrod*, 2012 IL App (4th) 110518, ¶ 29 (photographs are generally admissible as evidence if they are identified by a witness who has personal knowledge of the subject matter depicted in the photographs and the witness testifies that the photographs are a fair and accurate representation of the subject matter at the relevant time).

¶ 21 But even if we were to assume *arguendo* that the administrator of the estate authenticated the photographs and they truly represented the residence upon him taking possession, there is another, more fundamental, problem with the photographs. In the estate's reply, it stated that the administrator took possession of the Northlake residence on October 20, 2016, and upon taking possession, he found the home "uninhabitable" due to the actions of Buczkiewicz. The photographs of the Northlake residence were attached to the reply to show how Buczkiewicz had made the residence uninhabitable. But this means that the photographs were not taken until, at the very earliest, October 20, 2016. Yet Buczkiewicz's claim for compensation for services rendered related to a time period from 1976, when she allegedly met the decedent and began living with him, until his death in February 2016, all well before October 2016. That is to say, the photographs are not at all relevant to the time period alleged in Buczkiewicz's claim and, therefore, have little bearing on the merits of her claim. While the photographs undoubtedly depict the residence of a hoarder with garbage strewn about, we simply cannot assume that, because the residence was in disrepair in October 2016, it was in disrepair years or even months earlier.

¶ 22 Furthermore, according to the reply, the decedent only purchased the Northlake residence in 1998, leaving 22 years of alleged services rendered by Buczkiewicz to the decedent occurring while the decedent did not even own the residence depicted in the photographs. In light of the foregoing, the photographs do not demonstrate that, as a matter of law, Buczkiewicz could not have provided caregiving services to the decedent while he was alive. Instead, there were plainly factual issues that needed to be resolved. See *Hobin v. O'Donnell*,

115 Ill. App. 3d 940, 941-43 (1983) (where there were significant questions of fact that needed to be resolved regarding a claimant's claim against an estate, the circuit court erred by dismissing the claim as a matter of law). While we express no opinion on the actual merits of the claim raised by Buczkiewicz, the circuit court prematurely denied her the ability to prove her claim that she was entitled to compensation for the value of services rendered to the decedent while he was alive. Consequently, the circuit court erred when it dismissed her claim as a matter of law.

¶ 23 Additionally, Buczkiewicz argues that, in the event we reverse the circuit court's dismissal, we should assign the case to a different trial judge on remand due to the trial judge's "unwarranted disregard" for her as a litigant. However, since the initiation of this appeal, the trial judge has retired, a fact of which we may take judicial notice. See *People v. Smith*, 326 Ill. App. 3d 831, 855 (2001) ("We take judicial notice that the trial judge has retired from the bench; therefore, a different judge will consider this petition on remand."). Consequently, Buczkiewicz's request for the case to be reassigned to a new judge is moot.

¶ 24                                III. CONCLUSION

¶ 25 For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings.

¶ 26 Reversed and remanded.